EXHIBIT 1

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF MOORE | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>20CVS001124 |

FILED 2020 OCT 20 P 3:00
MOORE CO., C.S.C.
BY ____

| | |
|---|---|
| QUALITY BUILT ADVANTAGE, INC., a North Carolina corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>TOWN OF SOUTHERN PINES, a municipal corporation,<br><br>    Defendant. | **VERIFIED<br>AMENDED COMPLAINT** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW COMES Plaintiff, Quality Built Advantage, Inc., by and through its undersigned counsel, and, pursuant to N.C. R. Civ. P. 3 and 7, hereby brings this Verified Amended Complaint against the Town of Southern Pines, Defendant. Quality Built Advantage, Inc. seeks to recover water and sewer utility tap fees unlawfully assessed by the Town of Southern Pines.

## PARTIES, JUSRISDICTION, AND VENUE

1. Plaintiff Quality Built Advantage, Inc. ("Quality" or "Plaintiff") is a North Carolina corporation with its principal office and place of business in Moore County, North Carolina.

2. Defendant Town of Southern Pines ("Southern Pines" or "Defendant") is a political subdivision of the State of North Carolina as prescribed under Chapter 160A of the North Carolina General Statutes with the capacity to sue and be sued pursuant to N.C. Gen. Stat. § 160A-11.

3. This Court has personal jurisdiction over Defendant pursuant to N.C. Gen. Stat. § 1-75.4.

4. Venue is proper pursuant to N.C. Gen. Stat. § 1-82 as Plaintiff is a resident of Moore County, North Carolina with its principal office and place of business in Moore County, North Carolina.

5. Upon information and belief, Southern Pines maintains, and at all times relevant to this claim maintained, liability insurance affording coverage to this action, and has thus waived governmental immunity.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates paragraphs 1-5 of its complaint as if fully stated herein.

7. Southern Pines may require an owner of developed property for the purposes of residential dwelling units located within the city limits and within a reasonable distance of any water line or sewer collection line to connect the property to the city-owned water line or sewer collection line pursuant to N.C. Gen. Stat. § 160A-317 as part of Article 16-Public Enterprises of Chapter 160A of the North Carolina General Statutes.

8. Southern Pines may fix charges for the connections discussed above, which are commonly referred to as "tap fees" and so referred to herein, pursuant to N.C. Gen. Stat. § 160A-317.

9. A municipality is authorized to charge a tap fee on a given parcel of land one time to connect the water line or sewer collector line.

10. A municipality is not authorized to charge a tap fee on a subsequent owner of a parcel of land after the municipality has already collected the tap fees with respect to that parcel of land.

11. The Southern Pines Uniform Development Ordinance (SP-UDO) regulates the development of residential subdivision construction in Southern Pines.

12. Every lot within a subdivision shall connect to a Southern Pines water or sewer line pursuant to SP-UDO § 4.15.10.

13. "Standard connection charges will be made for connecting to the water or sewer system to partially defray the cost of materials and labor, overhead in setting up an account, billing, recording location on maps, administrative, and the like" pursuant to section 50.005(D) of the Code of Ordinances, Town of Southern Pines, North Carolina ("SP-Code).

14. Each lot within a subdivision is subject to a tap fee to connect the lot to the water or sewer line.

15. Tap fees cover Southern Pines' costs to "tap," or access, the water line and/or sewer line that exists in front of or near the lot.

16. The payment of a water tap fee is a one-time occurrence to connect a lot to the Southern Pines water line.

17. Upon information and belief, Southern Pines will not connect a lot to the town's water line unless and until the water line tap fee has been paid.

18. After a water tap fee has been paid, Southern Pines cannot charge the same lot another water tap fee.

19. The payment of a sewer tap fee is a one-time occurrence to connect a lot to the Southern Pines sewer line.

20. Upon information and belief, Southern Pines will not connect a lot to the town's sewer line unless and until the water line tap fee has been paid

21. After a sewer tap fee has been paid, Southern Pines cannot charge the same lot another sewer tap fee.

22. On or about August 31, 2017, Plaintiff purchased 110 Triple Crown Circle, Southern Pines, North Carolina, 28387 (110 Triple Crown).

23. On or about August 31, 2017, 110 Triple Crown had no permanent structure erected on the lot.

24. On or about August 31, 2017, 110 Triple Crown was already connected to the Southern Pines water line.

25. Upon information and belief, the water tap fee with respect to 110 Triple Crown was paid before August 31, 2017.

26. On or about August 31, 2017, 110 Triple Crown was already connected to the Southern Pines sewer line.

27. Upon information and belief, the sewer tap fee with respect to 110 Triple Crown was paid before August 31, 2017.

28. Defendant demanded Plaintiff pay a water tap fee and a sewer tap fee to construct a single-family home on the 110 Triple Crown lot.

29. On or about April 19, 2018, Plaintiff paid a total of $3,965.00 to Defendant under protest in water and sewer tap fees with respect to 110 Triple Crown.

30. On or about August 31, 2017, Plaintiff purchased 111 Triple Crown Circle, Southern Pines, North Carolina, 28387 (111 Triple Crown).

31. On or about August 31, 2017, 111 Triple Crown had no permanent structure erected on the lot.

32. On or about August 31, 2017, 111 Triple Crown was already connected to the Southern Pines water line.

33. Upon information and belief, the water tap fee with respect to 111 Triple Crown was paid before August 31, 2017.

34. On or about August 31, 2017, 111 Triple Crown was already connected to the Southern Pines sewer line.

35. Upon information and belief, the sewer tap fee with respect to 111 Triple Crown was paid before August 9, 2017.

36. Defendant demanded Plaintiff pay a water tap fee and a sewer tap fee to construct a single-family home on the 111 Triple Crown lot.

37. On or about August 9, 2017, Plaintiff paid a total of $3,955.00 to Defendant under protest in water and sewer tap fees with respect to 111 Triple Crown.

38. On or about May 3, 2018, Plaintiff paid a total of $3,965.00 to Defendant under protest in water and sewer tap fees with respect to 111 Triple Crown

39. On or about August 31, 2017, Plaintiff purchased 112 Triple Crown Circle, Southern Pines, North Carolina, 28387 (112 Triple Crown).

40. On or about August 31, 2017, 112 Triple Crown had no permanent structure erected on the lot.

41. On or about August 31, 2017, 112 Triple Crown was already connected to the Southern Pines water line.

42. Upon information and belief, the water tap fee with respect to 112 Triple Crown was paid before August 31, 2017.

43. On or about August 31, 2017, 112 Triple Crown was already connected to the Southern Pines sewer line.

44. Upon information and belief, the sewer tap fee with respect to 112 Triple Crown was paid before August 31, 2017.

45. Defendant demanded Plaintiff pay a water tap fee and a sewer tap fee to construct a single-family home on the 112 Triple Crown lot.

46. On or about April 19, 2018, Plaintiff paid a total of $3,965.00 to Defendant under protest in water and sewer tap fees with respect to 112 Triple Crown.

47. On or about August 31, 2017, Plaintiff purchased 117 Triple Crown Circle, Southern Pines, North Carolina, 28387 (117 Triple Crown).

48. On or about August 31, 2017, 117 Triple Crown had no permanent structure erected on the lot.

49. On or about August 31, 2017, 117 Triple Crown was already connected to the Southern Pines water line.

50. Upon information and belief, the water tap fee with respect to 117 Triple Crown was paid before August 31, 2017.

51. On or about August 31, 2017, 117 Triple Crown was already connected to the Southern Pines sewer line.

52. Upon information and belief, the sewer tap fee with respect to 117 Triple Crown was paid before August 31, 2017.

53. Defendant demanded Plaintiff pay a water tap fee and a sewer tap fee to construct a single-family home on the 117 Triple Crown lot.

54. On or about February 21, 2018, Plaintiff paid a total of $3,965.00 to Defendant under protest in water and sewer tap fees with respect to 117 Triple Crown.

55. On or about August 31, 2017, Plaintiff purchased 119 Triple Crown Circle, Southern Pines, North Carolina, 28387 (119 Triple Crown).

56. On or about August 31, 2017, 119 Triple Crown had no permanent structure erected on the lot.

57. On or about August 31, 2017, 119 Triple Crown was already connected to the Southern Pines water line.

58. Upon information and belief, the water tap fee with respect to 119 Triple Crown was paid before August 31, 2017.

59. On or about August 31, 2017, 119 Triple Crown was already connected to the Southern Pines sewer line.

60. Upon information and belief, the sewer tap fee with respect to 119 Triple Crown was paid before August 31, 2017.

61. Defendant demanded Plaintiff pay a water tap fee and a sewer tap fee to construct a single-family home on the 119 Triple Crown lot.

62. On or about February 21, 2018, Plaintiff paid a total of $3,965.00 to Defendant under protest in water and sewer tap fees with respect to 119 Triple Crown.

63. On or about August 31, 2017, Plaintiff purchased 124 Triple Crown Circle, Southern Pines, North Carolina, 28387 (124 Triple Crown).

64. On or about August 31, 2017, 124 Triple Crown had no permanent structure erected on the lot.

65. On or about August 31, 2017, 124 Triple Crown was already connected to the Southern Pines water line.

66. Upon information and belief, the water tap fee with respect to 124 Triple Crown was paid before August 31, 2017.

67. On or about August 31, 2017, 124 Triple Crown was already connected to the Southern Pines sewer line.

68. Upon information and belief, the sewer tap fee with respect to 124 Triple Crown was paid before August 9, 2017.

69. Defendant demanded Plaintiff pay a water tap fee and a sewer tap fee to construct a single-family home on the 124 Triple Crown lot.

70. On or about August 9, 2017, Plaintiff paid a total of $3,955.00 to Defendant under protest in water and sewer tap fees with respect to 124 Triple Crown.

71. On or about August 31, 2017, Plaintiff purchased 125 Belmont Circle, Southern Pines, North Carolina, 28387 (125 Belmont).

72. On or about August 31, 2017, 125 Belmont had no permanent structure erected on the lot.

73. On or about August 31, 2017, 125 Belmont was already connected to the Southern Pines water line.

74. Upon information and belief, the water tap fee with respect to 125 Belmont was paid before August 31, 2017.

75. On or about August 31, 2017, 125 Belmont was already connected to the Southern Pines sewer line.

76. Upon information and belief, the sewer tap fee with respect to 125 Belmont was paid before August 31, 2017.

77. Defendant demanded Plaintiff pay a water tap fee and a sewer tap fee to construct a single-family home on the 125 Belmont lot.

78. On or about November 1, 2018, Plaintiff paid a total of $1,798.00 to Defendant under protest in water and sewer tap fees with respect to 125 Belmont.

79. On or about August 31, 2017, Plaintiff purchased 176 Hunter Trail, Southern Pines, North Carolina, 28387 (176 Hunter Trail).

80. On or about August 31, 2017, 176 Hunter Trail had no permanent structure erected on the lot.

81. On or about August 31, 2017, 176 Hunter Trail was already connected to the Southern Pines water line.

82. Upon information and belief, the water tap fee with respect to 176 Hunter Trail was paid before August 31, 2017.

83. On or about August 31, 2017, 176 Hunter Trail was already connected to the Southern Pines sewer line.

84. Upon information and belief, the sewer tap fee with respect to 176 Hunter Trail was paid before August 31, 2017.

85. Defendant demanded Plaintiff pay a water tap fee and a sewer tap fee to construct a single-family home on the 176 Hunter Trail lot.

86. On or about April 3, 2018, Plaintiff paid a total of $5,202.00 to Defendant under protest in water and sewer tap fees with respect to 176 Hunter Trail.

87. Plaintiff has, by way of informal request, Freedom of Information Act request, and complaint pursuant to North Carolina Public Records Act, requested information from Defendant regarding water and sewer tap fees paid towards the lots above prior to Plaintiff purchased the lots.

88. Defendant is yet to disclose information regarding water and sewer tap fees paid towards the lots above prior to Plaintiff purchased the lots.

89. Defendant has argued it does not have an obligation to disclose whether a tap fee has been disclosed because it contains customer billing information, to which Plaintiff strongly disagrees, and Defendant has suggested that records regarding these tap fee payments received may have been destroyed.

## FIRST CAUSE OF ACTION
### Exceeding Statutory Authority

90. Plaintiff incorporates paragraphs 1-90 of its complaint as if fully stated herein.

91. Southern Pines is authorized to collect one tap fee to cover its costs to connect a lot to the town's water line or sewer line.

92. When Plaintiff undertook construction on the lots above, the lots had already been connected to the town's water and sewer line.

93. Upon information and belief, all water line and sewer line tap fees had already been paid with respect to the lots above.

94. When Southern Pines demanded a second tap fee payment from Plaintiff, it exceeded its statutory authority.

95. Plaintiff is entitled to a refund of the water and sewer tap fees paid under protest.

## SECOND CAUSE OF ACTION
### Substantive and Procedural Due Process Violations

96. Plaintiff incorporates paragraphs 1-95 of its complaint as if fully stated herein.

97. A touchstone of due process is protection from arbitrary and capricious action by the government.

98. Plaintiff has a right to freely use its property in a lawful manner free from the assessment of unlawful fees as a condition of Plaintiff's use of its property.

99. Petitioner's rights to freely use its property in a lawful manner includes the right to improve its property.

100. The collection of water and sewer tap fees with respect to the lots above by Southern Pines after said fees had already been collected with no opportunity to challenge the collection is a due process violation of Article I, § 19 of the North Carolina Constitution and the 14th Amendment to the United States Constitution.

101. The collection of water and sewer tap fees with respect to the lots above by Southern Pines after said fees had already been collected is arbitrary and capricious is a due process violation of Article I, § 19 of the North Carolina Constitution and the 14th Amendment to the United States Constitution.

102. Requiring Plaintiff to pay a second tap fee under protest before Plaintiff could begin improving Plaintiff's property is a form of duress by economic pressure is a due process violation of Article I, § 19 of the North Carolina Constitution and the 14th Amendment to the United States Constitution.

103. In the event Defendant has, in fact, destroyed records related to tap fees collected from prior owners, Defendant should be estopped from collecting a tap fee from Plaintiff where the water and sewer line has already been connected, as is the case here.

104. Plaintiff is entitled to a refund of the water and sewer tap fees paid under protest

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays unto the Court for the following relief:

1. Judgment and recovery for Plaintiffs of compensatory and statutory damages against Defendant in an amount to be determined at trial in excess of $25,000.00, plus applicable interest at the highest legal rate as allowed by law;

2. For an Order enjoining Defendant from the collection of tap fees against the Plaintiff associated with these lots;

3. For an Order requiring Plaintiff to refund any tap fees associated with these lots which have been collected by Defendant from Plaintiff, along with all appropriate interest at the highest legal rate as allowed by law;

4. Recovery by Plaintiff of attorney's fees and costs associated with this lawsuit as allowed by law, to be taxed against Defendant, along with all appropriate interest at the highest legal rate as allowed by law;

5. A jury trial on issues so triable; and

6. Such other relief as this Court deems just and proper.

This the 20 of October, 20 20.

**Landon White Law Firm, PLLC**

D. Landon White
*Attorney for Petitioner*
N.C. State Bar No. 45120
Landon White Law Firm, PLLC
PO Box 6696
Raleigh, NC 27628-6696
Phone: 919-745-8060
Fax: 919-750-0068
Email: lwhite@landonwhitelaw.com

NORTH CAROLINA                  **VERIFICATION**
COUNTY OF MOORE

_Ronald P Jackson_____, being first duly sworn, deposes and says that he is the Plaintiff in the foregoing action, that he has read the foregoing document and knows the contents thereof, and that such allegations are based upon his own knowledge, except those allegations stated upon information and belief, which he believes to be true.

Date: 10/20/2020     _____
                             Ronald P. Jackson, on behalf of, *Plaintiff*

SWORN AND SUBSCRIBED BEFORE ME

This the 20th of _October_____, 2020.

_Madison Sloan_____
Notary Public

My Commission Expires: _4/3/2024_

MADISON L SLOAN
Notary Public, North Carolina
Moore County
My Commission Expires
April 03, 2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served copies of this Summons and VERIFIED AMENDED COMPLAINT on all parties to this action or their counsel of record in accordance with Rule 4 of the Rules of Civil Procedure, and addressed as follows:

Town of Southern Pines
c/o Carol R. Haney, *Mayor*
Town Hall
125 SE Broad St
Southern Pines, NC 28387

FILED
2020 OCT 20 P 3:00
MOORE CO., C.S.C.
BY

This the 20 of October, 2020.

**Landon White Law Firm, PLLC**

D. Landon White
*Attorney for Petitioner*
N.C. State Bar No. 45120
Landon White Law Firm, PLLC
PO Box 6696
Raleigh, NC 27628-6696
Phone: 919-745-8060
Fax: 919-750-0068
Email: lwhite@landonwhitelaw.com